Hobart & others *v.* Jouvett & trustee.

ANSON HOBART & others *vs.* JOHN O. JOUVETT & trustee.

After personal property under mortgage has been attached, and the mortgagee summoned as trustee, he cannot give notice and foreclose the mortgage.

ON the 10th of November, 1848, Beriah Curtis, the supposed trustee, having indorsed three notes of $600 each, payable in two, four, and six months, for the benefit of Jouvett, the principal defendant, the latter made a mortgage to him, which was duly recorded, of all the stock in trade and other personal property in his store, with condition to secure and save harmless the mortgagee against his liability as indorser. On the 11th of December following, Jouvett, having sold a portion of the goods included in the mortgage, made a second mortgage to Curtis of the goods which he had purchased subsequently to the 10th of November, as a further security against Curtis's liability as indorser.

On the 28th of May, 1849, Jouvett not having paid the notes, and Curtis being obliged to pay them as indorser, the latter took possession of all the property embraced in his mortgages, which remained undisposed of, and placed the same in charge of an agent, with directions that he should retain possession thereof for the mortgagee. On the same day, Curtis gave notice in writing to Jouvett of his intention to foreclose

both mortgages, for a breach of the condition thereof; a copy of which notice was duly recorded in the clerk's office where the mortgages were recorded. The mortgagee remained in possession, and made sales of goods, appropriating the proceeds, after paying the expenses of the store, to the payment of his claims under the mortgages. At the expiration of sixty days from the time when he took possession, a large sum still remained due to the mortgagee; and he stated, that he then considered the mortgage as foreclosed, and the property exclusively his own.

Being requested to state an accurate and minute account of the sales and appropriation of property, subsequent to his taking possession, the supposed trustee made a statement accordingly, from the 28th of May to the 27th of July, inclusive; but declined answering any further, on the ground, that having retained possession of the property for sixty days, after giving the notice required by law to foreclose the mortgage, he then considered the property as his own, and had not since kept any accurate account of the labor.

The plaintiffs moved the court to require the supposed trustee to make further answer; but the presiding judge, *Wells*, C. J., overruled the motion and ordered the trustee to be discharged; whereupon the plaintiffs alleged exceptions.

*J. Mason*, for the plaintiffs.

*F. H. Dewey*, for the trustee.

FLETCHER, J. The question raised in this case is, whether or not the mortgages of Jouvett to Curtis had been legally foreclosed, so that Curtis, the mortgagee, had acquired a complete and absolute title to the mortgaged property. By the Rev. Sts. *c.* 90, §§ 78, 79, a creditor may attach goods mortgaged, and the mortgagee, to dissolve the attachment, must present to the officer the amount of his claim; and, if not paid in twenty-four hours, the attachment is dissolved. By the act of 1844, *c.* 148, § 1, the time of payment is extended from twenty-four hours to ten days after a demand by the mortgagee.

By this last statute, mortgaged goods in the hands of the mortgagor may be attached as if there were no incumbrance

upon them, and the mortgagee summoned as trustee; and if upon his examination, or by a verdict, the mortgage is found to be *bonâ fide,* the court having ascertained the amount due may direct the attaching creditors to pay the same to the mortgagee, within such time as the court shall order; and if not paid accordingly, the attachment shall be dissolved, and the property restored to the mortgagee.

By this statute, when the mortgaged property is actually and duly attached and taken, and the mortgagee summoned as trustee, the mortgagee cannot, after the suit is thus duly commenced, and the goods actually attached and taken, give notice and foreclose the mortgage. If he could, he might completely defeat the process duly commenced, and the rights acquired under it, and thus render the statute wholly nugatory and unavailing.

Before the attaching creditor could bring his case to a hearing, the mortgagee might in this way foreclose his mortgage, and acquire an absolute right to the property. But such proceeding, on the part of the mortgagee, is not warranted and cannot be sustained by law. How it would be, if the notice to foreclose was given before the attachment, it is not necessary now to decide or consider.

If in this case there was an actual attachment of the mortgaged goods, which was continued and retained, then the subsequent notice and proceedings, on the part of the mortgagee, to foreclose, will not avail him, and he must answer as trustee. If there was no actual original attachment of the goods, or if there was an attachment which was afterwards relinquished and given up, then the case would not come within the provisions of the statute, and the foreclosure might be good and valid, and the mortgagee not bound to answer farther as trustee.

But the case does not sufficiently disclose the facts, as to the attachment and foreclosure, to enable the court to determine what are the rights of the parties, according to the principles of law before stated. As the facts which appear are not sufficient to show, that the mortgage was legally foreclosed, and that the mortgagee had acquired an absolute title

to the goods, and was therefore not bound to answer farther, as trustee, the exceptions must be sustained ; the decision of the court below discharging the trustee reversed ; and the case remitted to the court of common pleas for farther hearing, that the needful facts may be ascertained.